**UNITED STATES STEEL CORPORA-TION, Republic Steel Corporation, et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants,**

and

**Highveld Steel and Vanadium Corporation, Ltd., et al., Defendants-Intervenors.**

Court No. 82–10–01361.

United States Court of International Trade.

July 28, 1983.

Busby, Rehm & Leonard, P.C., Washington, D.C. (David Busby, John B. Rehm and Larry E. Klayman, Washington, D.C., of counsel) for defendants-intervenors Highveld Steel and Vanadium Corporation Limited.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Branch Director, Francis J. Sailer, Atty., Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, D.C., for defendants.

Law Department of United States Steel Corporation (D.B. King, Pittsburgh, Pa., of counsel), for plaintiff U.S. Steel Corp.

Cravath, Swaine & Moore, New York City (Joseph R. Sahid, New York City, of counsel), for plaintiffs Republic Steel Corp., Inland Steel Co., Jones & Laughlin Steel Inc., National Steel Corp., and Cyclops Corp.

MEMORANDUM OPINION AND ORDER

WATSON, Judge:

■ In this opinion the Court clarifies its decision in *United States Steel Corp., Republic Steel Corp., et al., v. United States, et al.,* 5 CIT ——, 566 F.Supp. 1529 (1983), to indicate that it did not vacate the final determination and the countervailing duty order. It modifies the relief granted to remove the order that the International Trade Administration of the Department of Commerce (ITA) require the deposit of esti-

mated duties and to remove the order that the ITA maintain the suspension of liquidation of entries of steel exported on or after April 1, 1982.

Following the decision in Slip Op. 83–53, the defendant-intervenor Highveld Steel and Vanadium Corp. Ltd. (Highveld) filed motions for clarification, amendment of the Court's order, certification for appeal of the part of the Court's order which required the deposit of estimated duties, stay of the order pending appeal, and reconsideration and modification of the decision. The federal defendants moved for rehearing, vacatur and modification. Plaintiffs filed responses and exceptions to the foregoing.

These motions required the Court to examine closely the decision's attempt to affect entries of products which are subject to the administrative determination under review.

For reasons of efficient management of this litigation, the numerous issues involved are being briefed in stages. In this phase of the action the determination under review was the ITA final determination regarding an alleged railroad rate subsidy granted by South Africa to exported steel.

In essence, the ITA found that the subsidy had been in effect for a while and then had ended during the investigation. It called its determination affirmative, and found varying ad valorem rates of subsidy for products exported before the subsidy had ended and a zero ad valorem rate for products exported thereafter. The ITA also ordered that the suspension of liquidation ordered in its preliminary determination (which had been palpably affirmative) remain in effect until further notice. The government represented that this held open the possibility of a revision in the zero subsidy rate after the first administrative review of the final determination (to be made under section 751(a) of the Tariff Act of 1930 (19 U.S.C. § 1675(a)).

The Court held that the subsidy had not been eliminated and that, if it had been eliminated, the ITA should have followed the procedures of section 704 (19 U.S.C. § 1671c) designed to suspend investigations while providing certain safeguards to petitioners.

In the Court's opinion, the final determination was invalid from all points of view, procedurally and substantively. If it was right in finding that the subsidy was ended, the procedures of section 704 (19 U.S.C. § 1671c) for possible suspension of the investigation should have been followed. Even assuming that reaching a final determination was procedurally proper, the determination had to be negative if the subsidy had ended. In both of those eventualities, the continuation of suspension of liquidation of entries of the product involved was unjustified. The Court's opinion was, that aside from being procedurally defective and improperly called an affirmative subsidy determination, the final determination was also not in accordance with the law because the subsidy had not ended.

From the Court's point of view, the last valid administrative determination was the preliminary determination which set in place a proper suspension of liquidation. In the end the ITA's makeshift suspension of liquidation turned out to be the right act done at the wrong time for the wrong reasons and on the wrong terms.

The Court ordered a renewed investigation into the existence of the rail subsidy. In addition, the Court carried its dissatisfaction with the ITA determination too far. The Court tried to impose its own terms on the ITA's suspension of liquidation by ordering the maintenance of the suspension during the remanded investigation together with the deposit of estimated duties of the amount previously set in the preliminary determination.

As will shortly be explained, by doing the former (ordering the maintenance of the suspension), the Court was enjoining the ITA from liquidating, or at least limiting the ITA's right to end its suspension of liquidation so long as the remanded investigation was underway. By doing the latter (requiring the deposit of estimated duties) the Court was interfering with the proper

operation of 19 U.S.C. § 1516a(c)(1).[1] That subsection provides that entries made prior to publication of notice of a court decision shall be liquidated in accordance with the contested administrative decision.

Unless the liquidation of those entries is enjoined under 19 U.S.C. § 1516a(c)(2)[2] those prior entries will not be affected by court decisions.

Moreover, because this decision did not dispose of the entire action and was not intended to be final for appeal purposes within the meaning of Rule 54(b), even publication of notice of its result could not affect entries until after the final judgment in the entire action on all the numerous issues involved.

The present practical effect of this decision is to remand the matter to the ITA for further investigation. As a complete and separate resolution of one of the distinct issues in this case the decision is sufficiently final to serve as the basis for a remand even though it cannot affect the ongoing treatment of entries. In that remand, the timing for the conduct and conclusion of the renewed investigation has been left open to allow the ITA to coordinate the investigation with such future opinions or remands in this action as may be relevant.

■ It was beyond the power of the Court to affect the administrative processing of these entries. A justification cannot be based on the fact that the Court's interference in such temporary measures as depositing estimated duties or posting bonds does not have a final effect on the actual liquidation of the entries. To be meaningful, the provision of 19 U.S.C. § 1516a(c)(1) has to be read as requiring that all the administrative acts preparatory to liquidation have to be done in accordance with the challenged administrative determination for entries made while the action is pending.

This result is required even though the Court viewed the final determination as a negative determination in disguise and as procedurally invalid because it was reached in disregard of the suspension procedures of section 704 of the Tariff Act of 1930 (19 U.S.C. § 1671c).

The suspension of liquidation by the ITA has no bearing on the relief which the Court can provide. It does not make the suspended entries any more susceptible to the Court's decision than if they were being liquidated routinely. The only event which can subject entries to the Court decision is an injunction under 19 U.S.C. § 1516a(c)(2).

The administrative suspension, whether valid or not in the Court's view, is presently a facet of the ITA's treatment of these entries which can continue unaffected by the Court's decision because this particular decision was not a final judgment and also because by the operation of 19 U.S.C. § 1516a(c)(1) even a completely final judg-

1. 19 U.S.C. § 1516a

&ast; &ast; &ast; &ast; &ast; &ast;

(c) *Liquidation of entries.*

(1) *Liquidation in accordance with determination.* Unless such liquidation is enjoined by the court under paragraph (2) of this subsection, entries of merchandise of the character covered by a determination of the Secretary, the administering authority, or the Commission contested under subsection (a) shall be liquidated in accordance with the determination of the Secretary, the administering authority, or the Commission, if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication in the Federal Register by the Secretary or the administering authority of a notice of a decision of the United States Court of International Trade, or of the United States Court of Customs and Patent Appeals, not in harmony with that determination. Such notice of a decision shall be published within ten days from the date of the issuance of the court decision.

2. 19 U.S.C. § 1516a(c)

&ast; &ast; &ast; &ast; &ast; &ast;

(2) *Injunctive relief.* In the case of a determination described in paragraph (2) of subsection (a) by the Secretary, the administering authority, or the Commission, the United States Court of International Trade may enjoin the liquidation of some or all entries of merchandise covered by a determination of the Secretary, the administering authority, or the Commission, upon a request by an interested party for such relief and a proper showing that the requested relief should be granted under the circumstances.

ment would not reach prior entries whose liquidation had not been enjoined.

For this reason, in retrospect it is possible to see that the Court's requirement that the suspension be maintained during the remanded investigation represented a form of injunctive relief granted without the necessary application or foundation.

The Court briefly notes that it has not entertained Highveld's motion for reconsideration and modification to the extent that it went to the issues of the elimination of the subsidy and the use of section 704 because those were issues on which it failed to present its views when those matters were originally under consideration by the Court. The issue of the nature of the relief did not fully arise until the Court's decision; so Highveld's participation on that point is entirely proper.

In sum, the fact that this was not a final judgment for purposes of appeal or that the liquidation of the entries it sought to affect had not been enjoined, allows entries to be handled administratively unaffected by the Court's opinion. This is the result of the operation of 19 U.S.C. § 1516a(c)(1). The entire edifice of the final determination, the resulting countervailing duty order and the suspension of liquidation remains in place while the renewed investigation is made. In all other respects, the decision remains unchanged.

To the extent indicated herein the motions for clarification and modification are GRANTED. All other motions filed herein are DENIED.